UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| WINDEIMIS ALAK GONZALEZ RACHID, ) <br> ) <br> Petitioner, ) <br> ) <br> v.  ) <br> ) <br> SAMUEL OLSON, ) <br> TODD LYONS, ) <br> KRISTI NOEM, ) <br> PAMELA BONDI U.S. Attorney General, ) <br> SCOTT MAPLES JR. Sheriff, ) <br> ) <br> Respondents. ) | No. 4:26-cv-00014-TWP-KMB |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petition for Writ of Habeas Corpus filed by Petitioner Windeimis Alak Gonzalez Rachid ("Rachid"), a Venezuelan citizen. (Dkt. 1). Rachid is detained at the Clark County Jail under the authority of U.S. Immigration and Customs Enforcement ("ICE"). She now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id*. at 27. For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on February 4, 2026**, Respondents must either: (1) afford Rachid an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Rachid from custody, under reasonable conditions of supervision.

### I. BACKGROUND

Rachid entered the United States in September 2023. On September 24, 2023, she was issued a Notice to Appear. (Dkt. 1-1). In May 2024, she filed an Application for Asylum and Withholding of Removal. ("Asylum Application") (Dkt. 1-2). On October 20, 2025, Rachid

voluntarily reported for an ICE Check-In at ICE-ERO in Chicago, Illinois, and she was taken into ICE custody. (Dkt. 1 ¶ 26). She was arrested pursuant to an I-200 warrant. (Dkt. 7 at 4 n.1). Rachid has no criminal history or prior removal order, and she is pregnant with her first child, who is due June 12, 2026. Dkt. 1 ¶ 26. She has remained in custody since that time.

The May 2024 Notice to Appear charges Rachid with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Dkt. 1-1 at 1. The "arriving alien" checkbox is unmarked. *Id.*

Rachid requested a custody redetermination, which an immigration judge denied on January 9, 2026, stating that the immigration court lacked jurisdiction to set a bond. (Dkt. 1-4).

## II.  DISCUSSION

Rachid claims that her current detention violates the INA (Count I) and the due process clause of the Fifth Amendment (Count II). She also argues that she is entitled to release as a member of the class certified in *Bautista v. Santacruz*, --- F. Supp. 3d. ---, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *29 (C.D. Cal. Dec. 18, 2025) *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Dkt. 1 at 6-7.  Respondents argue that Rachid's petition is premature; that she is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that, in the alternative, she is lawfully detained under the INA pursuant to 8 U.S.C. § 1226(a) because she will have the opportunity to receive a hearing; that her detention is constitutional; and that the partial final judgment in *Bautista* is neither binding nor applicable. (Dkt. 7).

The Court finds that Rachid's detention is governed by § 1226(a) and therefore it is unlawful because she has not been afforded a bond hearing.

2

A. **Exhaustion**

In support of their argument that Rachid's claims are premature, Respondents argue she must, but has not pursued relief through the Board of Immigration Appeals ("BIA") or the Seventh Circuit. (Dkt. 7 at 6-7). Rachid argues that it is futile to attempt to exhaust her administrative remedies because the BIA has already directly addressed the issue of her statutory qualification for bond in *Matter of Yajure Hurtado*. (Dkt. 9 at 7-8).

Respondents do not cite a statute requiring Rachid to request a bond hearing before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). In similar circumstances, other district courts determined that the petitioner was not required to exhaust administrative remedies by seeking a bond hearing before an immigration judge because doing so would be futile given *Matter of Yajure Hurtado*'s holding. *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) ("Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because [t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue.") (internal quotes and citations omitted); *see also Ceballos Ortiz v. Olson, et al.*, 2:25-cv-00548-MPB-MJD, Dkt. 18 at 2-3, 6-9 (S.D. Ind. Nov. 19, 2025) (finding exhaustion would be futile, proceeding to merits, and ordering that petitioner be provided a bond hearing). The Court finds the reasoning applied in these cases persuasive and concludes that Rachid is not required to exhaust administrative remedies because doing so would be futile.

B. **8 U.S.C. §§ 1226 and 1225**

As an initial matter, Rachid asserts that she is a member of the class in *Bautista v. Santacruz* and is entitled to the relief issued in that case. Dkt. 1 ¶¶ 2-3, 5, 10. Because claims that "necessarily imply the invalidity of . . . confinement" are habeas claims for which "jurisdiction lies only in one district: the district of confinement," *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025), the Court finds that *Bautista* and the declaratory judgment issued in that case are not binding here, so the Court's analysis must continue on the merits.

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

    (1) may continue to detain the arrested alien; and

    (2) may release the alien on—

        (A) bond . . . ; or

        (B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether

5

or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### C. Rachid Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Rachid is eligible for a bond hearing under § 1226(a).

Respondents argue that Rachid is subject to the broader "catchall provision" in § 1225(b)(2) because she is an "applicant for admission" according to § 1225(a)(1), who is not covered by the narrower provisions for "arriving aliens" in § 1225(b)(1), and who is "not clearly and beyond doubt entitled to be admitted." Dkt. 7 at 9.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Rachid who have lived in the interior of the United States for years. *See Calderon v. Olson*, No. 4:25-cv-254-TWP-KMB, 2025 WL 2896348, at *4 (S.D. Ind. Jan. 14, 2026); *Mohammed v. Olson*, No. 1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *4 (S.D. Ind. Dec. 10, 2025). The Court incorporates by reference the reasoning in these previous orders. As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Calderon*, 2026 WL 105026, at *3-5. Respondents have cited no binding precedent to the contrary. The Court has previously found that the few district court decisions adopting the Respondents' interpretation of § 1225 were distinguishable or otherwise

unpersuasive.[1] *Diaz v. Olson*, No. 2:25-CV-00631-JRS-MKK, 2025 WL 3765960, at *3 (S.D. Ind. Dec. 30, 2025).

The Court concludes that Rachid is entitled to a bond hearing under § 1226, as such, there is no need to reach her other arguments.

### D. Opportunity for Bond Hearing

In the alternative, Respondents argue that Rachid is being lawfully detained under § 1226a "because she will have the opportunity to receive a hearing before an Immigration Judge." (Dkt. 7 at 13). Respondents therefore argue that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

There is no evidence, however, that Rachid will have a bond hearing. In fact, Respondents contend that Rachid is ineligible for a bond hearing. Because an immigration judge has not "denied" or "revoked" bond, § 1226(e) does not have any bearing on this petition.

Rachid has not had an opportunity to meaningfully request and receive an individualized bond hearing. Thus, her detention pursuant to § 1226(a) is currently unlawful.

---

[1] The government offers a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic in this case, for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

7

### III. Scope of Relief

Rachid is entitled to habeas relief because her continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Rachid requests immediate release from custody or, in the alternative, an individualized bond hearing. (Dkt. 1 at 27). Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Rachid's immediate release and instead orders Respondents to provide her an individualized bond hearing as required by § 1226(a) and its regulations.

### IV. CONCLUSION

The Court grants the petition to the extent that no later than **5:00 p.m. on February 4, 2026**, Respondents must either: (1) provide Rachid with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Rachid from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on February 6, 2026**, Respondents must file documentation certifying that they have provided Rachid with a bond hearing, including apprising the Court of the results of the hearing. Likewise, if Respondents release Rachid, then they must file documentation certifying her release.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 1/28/2026

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel